**Lonnie Ray CARTER, Plaintiff— Appellant,**

**v.**

**Joseph LEHMAN; et al., Defendants— Appellees.**

**No. 06–35639.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.[*]

Filed Nov. 26, 2007.

Lonnie Ray Carter, Shelton, WA, for Plaintiff–Appellant.

Douglas Wayne Carr, Esq., Office of the Washington Attorney General, Criminal Justice Division, Olympia, WA, for Defendants–Appellees.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM [**]

Washington state prisoner Lonnie Ray Carter appeals pro se from the district court's summary judgment in his 42 U.S.C.

---

ed by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1983 action alleging defendant violated his due process rights by failing to release him into community custody. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002), and we may affirm on any ground supported by the record, *Vestar Dev. II, LLC v. Gen. Dynamics Corp.*, 249 F.3d 958, 960 (9th Cir.2001). We vacate and remand for the limited purpose of entering a judgment dismissing the action with prejudice.

The district court erred in dismissing this action without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Carter's action did not seek relief that, if granted, would necessarily shorten or invalidate his community custody term. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Even if Carter had a liberty interest in community custody placement giving rise to due process protections, Carter failed to show actions taken pursuant to his 2002 application for community placement on his earned early release date violated clearly established law. *See Sorrels*, 290 F.3d at 970–71 (discussing qualified immunity defense requirements); *see also In re Liptrap*, 127 Wash.App. 463, 111 P.3d 1227 (2005). Accordingly, the district court properly granted summary judgment. *See Sorrels*, 290 F.3d at 971–72.

Carter's remaining contentions lack merit.

We remand for the limited purpose of entering a judgment of dismissal with prejudice.

---

* The panel unanimously finds this case suitable

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**